## THORN *et al. v.* SUTHERLAND *et al.*

*(Supreme Court, General Term, First Department.  November 13, 1891.)*

TROVER AND CONVERSION—JOINT VERDICT.

In an action for conversion it appeared that, on the expiration of a lease of land to plaintiffs from defendant S., plaintiffs left on the leased premises the property alleged to have been converted, consisting of certain fixtures which would become part of the realty and vest in the lessor unless removed by the lessee during the term.  S. afterwards leased the premises to defendant W., who refused to deliver the fixtures to plaintiffs when demanded by them.  Plaintiffs testified that they left the fixtures on the premises under an agreement with S. that they should be sold for plaintiffs' benefit.  *Held,* that it was not error for the court, in reply to a question asked by the jury, to state that the verdict, if in favor of plaintiffs, must be "against both defendants;" since there could be no question as to a conversion by each defendant, if it should be found that the agreement to leave the fixtures on the premises was in fact made.

Appeal from circuit court, New York county.

Action by Thomas H. Thorn and Oscar Thorn against James Sutherland and Herman T. Winter.  From a judgment entered on a verdict for plain-

tiffs, and from an order denying a motion for a new trial, defendants appeal. Affirmed. For prior reports, see 4 N. Y. Supp. 694; 25 N. E. Rep. 362.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Gilbert M. Speir, Jr.,* (*S. B. Brownell,* of counsel,) for appellants. *Robert A. B. Dayton,* for respondents.

INGRAHAM, J. The sole issue raised by the pleadings in this case was as to the ownership of the property, to recover for the conversion of which this action is brought, and the only defense in the answer of the defendants is that the defendants and not the plaintiffs were the owners of such property. This appears from an inspection of the pleadings, and was expressly decided by the court of appeals when this case was before that court on the appeal from a judgment entered in favor of the defendants, (123 N. Y. 241, 25 N. E. Rep. 362,) where RUGER, C. J., delivering the opinion of the court, says: "We have been unable to see that the defendant has at all sustained the only material allegation of his answer, viz., that he at any time became the owner of the fixtures, and no attempt was made by him to prove that fact." The plaintiff Thomas H. Thorn testified without contradiction that the property in controversy was placed upon the leased premises by the plaintiffs, who were tenants under a lease made to them by the defendant Sutherland, and that such property, as between landlord and tenant, did not become fixtures. The plaintiffs were entitled to remove the same during the continuance of the term demised by the lease, and the only defense to the action was that the term demised had terminated by the surrender of the premises to the landlord without a removal of the property, and thereby the plaintiffs lost their right to remove the same, and it became the property of the defendant as the owner of the real estate. The plaintiff further testified that, prior to the surrender of the possession of the premises to the landlord, "I saw Mr. Sutherland. He asked me if I would be willing to have the property remain there, and sell it to whoever they sold the property to. I told him I was perfectly willing to do that, as the appraiser's figure was altogether too low. We left the premises under an agreement." And this testimony was corroborated by the evidence of a Mr. Todd, who was the attorney for the plaintiffs, and who testified that he had a conversation with Mr. Sutherland to the same effect. This testimony was denied by Sutherland, and further evidence was given tending to show that the agreement mentioned was not made. It was settled by the court of appeals on the former appeal that leaving the property on the premises after the expiration of their term under such circumstances did not work a forfeiture of its ownership, and thus the sole question to be determined in this case was a question of fact for the jury, as to whether or not the property was left on the premises under the agreement testified to by the plaintiffs; and that question having been submitted to the jury, and they having found by their verdict in favor of the plaintiffs, must have found that the agreement in question was made. Considerable testimony was taken in the case that appears to have been immaterial upon this issue, but it is clear that the admission of such testimony did not injure the defendants, and it was mostly received at the request of defendants to prove other defenses which were not alleged in the answer, and which, had they been alleged, would not have been available to defeat plaintiffs' causes of action. Great stress was laid by the defendants at the trial upon the fact that, at the time of the reconveyance by the assignee for the benefit of creditors of plaintiffs, all of plaintiffs' debts had not been paid or satisfied, but we think that was entirely immaterial. The transfer of the property by the assignee for the benefit of creditors to plaintiffs was valid until disaffirmed by plaintiffs' creditors, and as it never was disaffirmed by them, and as it appeared that all the creditors have been paid, the transfer was sufficient to vest the title of the property in the plaintiffs. There were many exceptions taken to the rulings of the court upon

the admission and rejection of testimony, but none of the testimony that bore upon the only issue in the case seems to have been erroneously admitted, and all of the testimony offered by defendants and excluded was clearly immaterial upon such issue.    The admission of the declarations and agreements made by Mr. Speir was proper at the time they were admitted, because the plaintiff testified that defendant Sutherland asked him to call and see Mr. Speir; that Mr. Speir was his attorney; and that subsequently Mr. Speir did act for defendant.  ·This was denied by both Speir and Sutherland, but under the circumstances the admission of the testimony was not error.    We have examined the other exceptions to the admission and rejection of testimony, but no error seems to have been committed that requires a reversal of the judgment.

The only other exceptions that require notice are the exception to the answer of the court to the question of the jury, and the exception to a refusal to charge a request by plaintiffs after such question had been answered.    After the jury had retired to consider their verdict, they came into court, and asked the following question:  "Can we find against one of the defendants, or are we bound, if we do find for plaintiffs, to find against both defendants, or one separately?"    To which the court answered: "If you find for plaintiffs, it must be as against both defendants."    This was an action for conversion, and, taken literally, this answer would be erroneous; but I think it must be considered in connection with the former charge to the jury, and the sole question that the jury were to pass upon.    The liability of the two defendants was not joint and several, but upon the pleadings, as they stand, the only question as to the liability of either of the defendants was as to the ownership of the property.    By refusing to deliver the property to the plaintiffs on demand, if plaintiffs' testimony was true, both of the defendants were guilty of a conversion, but as to the defendant Sutherland he was also guilty of a conversion when he leased the plaintiffs' property to the defendant Winter. Winter, however, was liable for a conversion when he retained possession of the plaintiffs' property after plaintiffs demanded its return to them.    The leasing of the property by Sutherland to Winter was conceded; the possession of the property by Winter was conceded; the demand made on Winter by the plaintiffs for its return, and his refusal, are also conceded by the pleadings; so that both Sutherland and Winter were liable for a conversion of the property if plaintiffs were its owners; and, taking this answer and the question of the jury in connection with the rest of the charge, it is clear that what the court meant to say was that, on the evidence and the issue presented to them, if one defendant was liable for a conversion the other defendant was also liable; and this charge was clearly correct.    The property belonged to plaintiffs. Winter, who had received it from Sutherland, was bound to return it to plaintiffs on demand, and in case of his failure to do so he was liable for a conversion.    It was no answer to that claim that he had leased the property from deferdant Sutherland without knowledge of plaintiffs' ownership and in good faith.    The property in controversy has not the attribute of negotiability, so that a purchaser or lessee for value could hold it against its true owner.    We think, therefore, that as matter of law the liability of both defendants rests upon the ability of the plaintiffs to show a good title to the property, and, the jury having found by their verdict that plaintiffs were the owners thereof, the plaintiffs were entitled to a verdict.

What has been said in regard to the last exception applies to the refusal of the court to charge that if defendant Winter leased the premises with these trade fixtures on them, without notice of any claim of the plaintiffs, the jury may find a verdict for the defendant Winter.    The right of the plaintiffs did not depend upon any agreement between Sutherland and Winter, but on plaintiffs' ownership of the property.    The defendants did not insist upon the trial that no evidence should be admitted except as it bore upon the sole issue to

be determined, and none of the objections to the admission of testimony was based upon the ground that it was immaterial to such issue; and on the whole case we are of the opinion that no error was committed to the injury of the defendants which requires us to reverse the judgment. The judgment should therefore be affirmed, with costs.

VAN BRUNT, P. J. Under the decision of the court of appeals upon the previous appeal in this case I think that this judgment must be affirmed.

DANIELS, J. I concur.